———o———

JAMES WILLIAMS, appellant, *vs.* STATE.

1. CRIMINAL LAW—APPEAL—TRIAL DE NOVO—MOTION TO QUASH INFORMATION.

An information for assault and battery, filed in the Court of General Sessions on appeal from the Municipal Court, will not be quashed because it states the result of the Municipal Court trial and the sentence imposed, although the trial in the Court of General Sessions is *de novo*, since the court, notwithstanding such statements, can prevent any statement of the outcome of the trial below from reaching the jury.

2. CRIMINAL LAW—APPEAL—TRIAL DE NOVO—REQUISITES OF INFORMATION.

On appeal to the Court of General Sessions from a Municipal Court, the fact that the sentence of the court below was such as to give the Court of General Sessions jurisdiction of the appeal, under *Const. art.* 4, § 30, need not be alleged in the information, nor proved, since it sufficiently appears from the transcript, which is a part of the record.

(*October* 8, 1914.)

PENNEWILL, C. J., and CONRAD, J., sitting.

*Levin Irving Handy* for the appellant.

*Armon D. Chaytor, Jr.*, Deputy Attorney General, for the state.

Court of General Sessions, New Castle County, September Term, 1914.

James Williams was convicted of assault and battery in the Municipal Court, and appeals to the Court of General Sessions. On motion to quash information for reasons set forth in the opinion of the court. Overruled.

PENNEWILL, C. J., delivering the opinion of the court:

In the above stated case an information was filed by the state in the following language:

"September Term, 1914.

New Castle County—ss.:

Josiah O. Wolcott, Attorney General of the State of Delaware, now here in the Court of General Sessions of the State of Delaware, now sitting in and for New Castle County aforesaid at the September term of said court in the year of our Lord one thousand nine hundred and fourteen, information makes:

That James Williams, late of Wilmington Hundred in the county and state aforesaid, on the ninth day of July in the year of our Lord one thousand nine hundred and fourteen, having been brought before the Honorable Harry P. Joslyn, Deputy City Judge of the Municipal Court for the City of Wilmington, State of Delaware, after arraignment, plea and hearing was by the said the Honorable Harry P. Joslyn, Deputy City Judge of the Municipal Court as aforesaid, adjudged guilty and sentenced to pay a fine of fifty dollars and the costs of the said prosecution amounting to the sum of seven dollars and eighty-five cents, and to be committed to the Board of Trustees of the New Castle County Workhouse for six months at labor at some suitable employment, eight hours each secular day, unless physically disabled, the said commitment commencing on the said ninth day of July in the year of our Lord one thousand nine hundred and fourteen, and ending on the eighth day of January in the year of our Lord one thousand nine hundred and fifteen, on the charge in the said Municipal Court for the City of Wilmington aforesaid of an assault and battery upon one Walter Johnson, in the City of Wilmington aforesaid, the said Municipal Court for the City of Wilmington then and there having jurisdiction to hear and determine said charge. And afterwards, to wit, on the tenth day of July in the year of our Lord one thousand nine hundred and fourteen, the said James Williams did appeal from the judgment of the said Municipal Court for the City of Wilmington aforesaid to the Court of General Sessions of the State of Delaware sitting in and for New Castle County, and entered into a recognizance to prosecute

16

said appeal, as he is authorized to do by the statutes of the State of Delaware in such case made and provided.

Whereupon, in the said Court of General Sessions of the State of Delaware in and for New Castle County Josiah O. Wolcott, Attorney General as aforesaid, information makes:

That James Williams, late of Wilmington Hundred in the county aforesaid, on the sixth day of July in the year of our Lord one thousand nine hundred and fourteen, with force and arms at Wilmington Hundred aforesaid in and upon one Walter Johnson, in the peace of God and of the said Walter Johnson did then and there beat, wound and illtreat, and other wrongs to the said Walter Johnson then and there did, to the great damage of the said Walter Johnson, against the form of the act of the General Assembly in such case made and provided, and against the peace and dignity of the state.

> JOSIAH O. WOLCOTT, *Attorney General.*
> ARMON D. CHAYTOR, JR.,
>         *Deputy Attorney General."*

[1] On behalf of the defendant, a motion is made to quash the information because it contains a recital of the proceedings in the Municipal Court against the defendant, including his arrest, trial, conviction and sentence. It is insisted that these facts, if proven, or made known to the jury, would be unfair and prejudicial to the defendant. It is also insisted that the trial in this court upon information in appeal must be a trial *de novo*, and that no reference can be made to the proceedings below any more than can be in an appeal from a justice of the peace in a civil suit.

It is further insisted that, inasmuch as the information contains averments respecting the proceedings below which can be neither proved or made known to the jury, the same should be quashed.

It is true that upon such an information the trial in this court is *de novo*, and that no reference can be made here to the proceedings in the Municipal Court where the defendant was tried. But it does not necessarily follow that the information is bad because it embodies such proceedings, for the court will not permit the information to go to the jury, neither will they allow the state to produce any evidence, or make any statement, to the jury in regard to the proceedings below.

[2] The Constitution of this state in giving jurisdiction to inferior courts in certain criminal cases provides:

"That there shall be an appeal to the Court of General Sessions in all cases in which the sentence shall be imprisonment exceeding one month, or a fine exceeding one hundred dollars." *Section* 30, *Art.* 4.

Because of such provision the state contends that the imposition of the sentence by the Municipal Court is a fact that must be averred in the information and proved at the trial in order that the court may have jurisdiction of the case.

In regard to this contention we say that such jurisdictional fact sufficiently appears from the transcript filed, which is a part of the record in the case.

The motion to quash the information is refused.